

CRANSTON J. WILLIAMS, Bar No. 162714
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: cwilliams@b...rm
E-FILING

Attorneys for Defendant
BESSER COMPANY

**ADR**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**C08 01014 HRL**

ROWLAND PUGH,

        Plaintiff,

v.

BESSER COMPANY, CALSTONE COMPANY and DOES 1 through 20,

        Defendant.

Case No.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Besser Company ("Defendant Besser") hereby removes to this Court the state court action described below.

1.    On October 10, 2007 an action was commenced in the Superior Court of the State of California in and for the County of Santa Clara, entitled Rowland Pugh, Plaintiff, vs. Besser Company, Calstone Company, and Does 1 through 20, Defendants, as Case Number 107-CV-096060 (the "Action"). A copy of the complaint Plaintiff Rowland Pugh ("Plaintiff") filed in the Action is attached hereto as Exhibit "A" (the "Complaint").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2.    The first date upon which Defendant Besser received a copy of the Complaint was on October 16, 2007 when defendant Besser was served with a copy of the Complaint and a summons from the California Superior Court.  A copy of the summons and other court forms are attached hereto as Exhibit "B".

## JURISDICTION

## DIVERSITY OF CITIZENSHIP

3.    This Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff Rowland Pugh ("Plaintiff") alleges that due to physical injuries to his face, nose, tear ducts, and other body parts, he has suffered and will continue to suffer lost wages, a decrease in earning capacity, plus past and future medical expenses.

4.    Defendant Besser is informed and believes that Plaintiff was, and still is, a citizen of the State of California.  Defendant Besser was at the time of the filing of this action and still is, a corporation incorporated under the laws of the State of Michigan, having its principal place of business in the State of Michigan.

5.    When this Action was originally filed, complete diversity of citizenship was lacking because Defendant Calstone Company ("Defendant Calstone") was a citizen of the same state as Plaintiff.  On November 19, 2007, complete diversity of citizenship between plaintiff and defendants was created by reason of Plaintiff voluntarily dismissing Defendant Calstone from the Action.

6.    When this Action was originally filed and even when Defendant Calstone was dismissed, there was insufficient information to determine that the amount in controversy exceeded $75,000, the minimum for federal diversity jurisdiction.  Plaintiff's Complaint simply alleged that damages were above

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(B) (DIVERSITY)

1   $25,000. However, on February 5, 2008, Plaintiff admitted under oath that the

2   amount in controversy exceeds $75,000.

3       7.      Defendant Besser is the only defendant that has been served with the

4   summons and complaint in this action.

5       8.      Pursuant to 28 U.S.C. 1446(a), attached as Exhibit "C" are copies of

6   Defendant Besser's Answer to Plaintiff's Complaint, Plaintiff's Notice of Dismissal

7   of Defendant Calstone, and Plaintiff's February 5, 2008 Amendment to the

8   Complaint adding Allen-Bradley as a defendant, which are all of the pleadings filed

9   by and served upon Defendant Besser in the Action to date.

10      9.      Although Plaintiff filed an Amendment to Complaint to add Allen-

11  Bradley as an additional defendant on or about February 5, 2008, as stated in

12  Paragraph 7 above, Defendant Besser is informed and believes that Plaintiff has not

13  yet served Defendant Allen-Bradley with the Complaint and summons in this

14  Action. Defendant Besser is also informed and believes that adding Allen-Bradley

15  would not destroy diversity because Allen-Bradley is not a California corporation

16  and at the time of the filing of this action and the notice of removal, Allen-

17  Bradley's principal place of business has been in the State of Wisconsin.

18                          **VENUE**

19      10.     Venue in this District is appropriate under 28 U.S.C. § 1441(b) in that

20  the removal is to the district in which the state action was filed.

21

22  Dated: February 19, 2008

23                                  Baker & Hostetler LLP
                                    CRANSTON J. WILLIAMS
24

25                                  _Cranston Williams_

26                                  Cranston J. Williams

27                                  Attorneys for Defendant
                                    BESSER COMPANY
28

501759746.2

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(B) (DIVERSITY)

10/16/2007  11:42     989-354-3120        BESSER COMPANY                    PAGE  03

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Richard J. Staskus, Esq.
Law Offices of Richard J. Staskus     72794
84 West Santa Clara Street, Suite 840
San Jose, CA 95113
TELEPHONE NO.: 408-995-0800     FAX NO. (Optional): 408-294-8481
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Rowland Pugh

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS:
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF: ROWLAND PUGH

DEFENDANT: BESSER COMPANY, CALSTONE COMPANY and

☒ DOES 1 TO 20

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
    ☐ AMENDED (Number):
Type (check all that apply):
☐ MOTOR VEHICLE    ☒ OTHER (specify):
    ☒ Property Damage    ☐ Wrongful Death
    ☒ Personal Injury    ☒ Other Damages (specify):
                               Products Liability
Jurisdiction (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
   Amount demanded    ☐ does not exceed $10,000
                      ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

FOR COURT USE ONLY

FILED OCT 10 P 12: 02

M. ROSAL

CASE NUMBER:
107CV096060

1.   Plaintiff (name or names): Rowland Pugh

     alleges causes of action against defendant (name or names): Besser Company, Calstone Company

2.   This pleading, including attachments and exhibits, consists of the following number of pages:
3.   Each plaintiff named above is a competent adult
     a.  ☐ except plaintiff (name):
         (1) ☐ a corporation qualified to do business in California
         (2) ☐ an unincorporated entity (describe):
         (3) ☐ a public entity (describe):
         (4) ☐ a minor    ☐ an adult
             (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
             (b) ☐ other (specify):
         (5) ☐ other (specify):

     b.  ☐ except plaintiff (name):
         (1) ☐ a corporation qualified to do business in California
         (2) ☐ an unincorporated entity (describe):
         (3) ☐ a public entity (describe):
         (4) ☐ a minor    ☐ an adult
             (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
             (b) ☐ other (specify):
         (5) ☐ other (specify):

     ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]        COMPLAINT—Personal Injury, Property        Page 1 of 3
ESSENTIAL FORMS™                              Damage, Wrongful Death        Code of Civil Procedure, § 425.12
                                                                            www.courtinfo.ca.gov

10/16/2007  11:42   989-354-3120                    BESSER COMPANY                              PAGE  04

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| Pugh v. Besser, et al. | | |

4. ☐ **Plaintiff** *(name)* :
   is doing business under the fictitious name *(specify)* :

   and has complied with the fictitious business name laws.
5. Each defendant named above is a natural person
   a. ☒ except defendant *(name)* :
       **Besser Company**
     (1) ☒ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe)* :

     (4) ☐ a public entity *(describe)* :

     (5) ☐ other *(specify)* :

   c. ☐ except defendant *(name)* :
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe)* :

     (4) ☐ a public entity *(describe)* :

     (5) ☐ other *(specify)* :

   b. ☒ except defendant *(name)* :
       **Calstone Company**
     (1) ☒ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe)* :

     (4) ☐ a public entity *(describe)* :

     (5) ☐ other *(specify)* :

   d. ☐ except defendant *(name)* :
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe)* :

     (4) ☐ a public entity *(describe)* :

     (5) ☐ other *(specify)* :

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☐ Doe defendants *(specify Doe numbers)*: _____ were the agents or employees of other
   named defendants and acted within the scope of that agency or employment.
   b. ☐ Doe defendants *(specify Doe numbers)*: _____ are persons whose capacities are unknown to
   plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify)*:

PLD-PI-001 [Rev. January 1, 2007]
**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**
Page 2 of 3

Maela Press
ESSENTIAL FORMS™

10/16/2007  11:42    989-354-3120                    BESSER COMPANY                    PAGE  05

SHORT TITLE:
Pugh v. Besser, et al.                                                    CASE NUMBER:

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☐ General Negligence
    c. ☐ Intentional Tort
    d. ☒ Products Liability
    e. ☐ Premises Liability
    f. ☐ Other *(specify)*:

11. Plaintiff has suffered
    a. ☒ wage loss
    b. ☒ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☒ property damage
    f. ☒ loss of earning capacity
    g. ☐ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: October 2, 2007

Richard J. Staskus
_____
(TYPE OR PRINT NAME)                          ►          _____
                                                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 (Rev. January 1, 2007)
Martin Dean's
ESSENTIAL FORMS™                    COMPLAINT-Personal Injury, Property
                                    Damage, Wrongful Death                          Page 3 of 3

10/16/2007  11:42    989-354-3120                    BESSER COMPANY                    PAGE  06

| SHORT TITLE: Pugh v. Besser, et al. | CASE NUMBER: |
|---|---|

<u>FIRST</u> (number)    **CAUSE OF ACTION- Products Liability**    Page 4

ATTACHMENT TO [X] Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Rowland Pugh

Prod.L-1. On or about *(date):* October 11, 2006   plaintiff was injured by the following product:
A model V3 Vibrapak (Rear Steel Pallet Feeder) for the manufacturing of concrete units. Plaintiff, Rowland Pugh was hit in the face by an ejected pallet.

Prod.L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
[X] used in the manner intended by the defendants.
[X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod.L-3. Plaintiff was a
☐ purchaser of the product.                              ☐ user of the product.
[X] bystander to the use of the product.                 ☐ other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod.L-4. [X] Count One-Strict liability of the following defendants who
a. [X] manufactured or assembled the product   *(names):*
Besser Company and

[X] Does 1 to 20
b. [X] designed and manufactured component parts supplied to the manufacturer   *(names):*
Besser Company and

[X] Does 1 to 20
c. [X] sold the product to the public *(names):*
Besser Company and

[X] Does 1 to 20

Prod.L-5. [X] Count Two-Negligence of the following defendants who owed a duty to plaintiff *(names):*
Besser Company and

[X] Does 1 to 20

Prod.L-6. [X] Count Three-Breach of warranty by the following defendants (names):
Besser Company and

[X] Does 1 to 20
a. [X] who breached an implied warranty
b. ☐ who breached an express warranty which was
☐ written ☐ oral

Prod.L-7. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
☐ listed in Attachment-Prod.L-7 [X] as follows:
Calstone Company functioned in a dual capacity as to Rowland Pugh

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]
Herris Deoth
ESSENTIAL FORMS™

**CAUSE OF ACTION - Products Liability**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

10/16/2007  11:42    989-354-3120                BESSER COMPANY                        PAGE  02

|  | **SUMMONS**<br>**(CITACION JUDICIAL)** | SUM-100 |
|---|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
BESSER COMPANY, CALSTONE COMPANY, and DOES 1 to
20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
ROWLAND PUGH

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

2007 OCT 10 P 12: 02

M. Rosales

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Clara
191 North First Street
San Jose, CA 95113

CASE NUMBER:
*(Número del Caso)*
**CV096060**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard J. Staskus, Esq., SBN: 72794    Law Offices of Richard J. Staskus
84 West Santa Clara Street, Ste. 840
San Jose, CA 95113

DATE:                                              Clerk, by                          KIRI TORRE
*(Fecha)*  OCT 10 2007                                      M. Rosales                , Deputy
                                                  *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify) :
3. ☒ on behalf of (specify):  *Besser Company*
   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other (specify):  *CCP 415.95  unknown form*
4. ☒ by personal delivery on (date) :

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms TM

SUMMONS

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

10/16/2007  11:42    989-354-3120          BESSER COMPANY                    PAGE  07

| | CM-010 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>Richard J. Staskus        SBN 72794<br>LAW OFFICES of Richard J. Staskus<br>84 West Santa Clara St., Ste 740<br>SAN JOSE, CA 95113<br>TELEPHONE NO.: 408-495-4500    FAX NO.: 408-294-5481<br>ATTORNEY FOR (Name): Rowland Pugh Plaintiff | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 NORTH FIRST STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN JOSE, CA. 95113<br>BRANCH NAME: | 2007 OCT 10 P 12: 02<br><br>Mr. Rosales |
| CASE NAME:<br>PUGH v. BESSER Company et. al. | 107CV096050 |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
Richard J. Staskus
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

10/15/2007  11:42    989-354-3120        BESSER COMPANY                    PAGE  08

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (non-
domestic relations)
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

## CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **107CV096060**

ATTACHMENT CV-5012

---

### READ THIS ENTIRE FORM

---

_PLAINTIFFS_ (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

> _DEFENDANTS_ (The person(s) being sued):  You must do each of the following to protect your rights:
> 1. You must file a written response to the *Complaint,* in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
>    Warning: If you do not do these three things, you may automatically lose this case.

_RULES AND FORMS:_  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

* State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
* Local Rules and Forms: http://www.scsuperiorcourt.org/civil/rule1toc.htm
* Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC):_  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.

| | | |
|---|---|---|
| Your Case Management Judge is: **Neal A. Cabrinha** | Department: | **10** |

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: **MAR 0 4 2008** Time: **3:45pm** in Department **10**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department _____

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_  If all parties have appeared and filed a completed ADR Stipulation Form (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

10/15/2007  11:42    989-354-3120                BESSER COMPANY                    PAGE  10

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

CV-5003 REV 5/08

&lt;  Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
&lt;   The action is for personal injury, property damage, or breach of contract
&lt;   Only monetary damages are sought
&lt;   Witness testimony, under oath, is desired
&lt;   An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

&lt;  Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses (on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
&lt;   The parties are far apart in their view of the law or value of the case
&lt;   The case involves a technical issue in which the evaluator has expertise
&lt;   Case planning assistance would be helpful and would save legal fees and costs
&lt;   The parties are interested in an injunction, consent decree, or other form of equitable relief

&lt;  Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

&lt;  Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 506



1 | Cranston J. Williams, Bar No. 162714
Sean Andrade, Bar No. 223591
2 | BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
3 | Los Angeles, CA  90025-7120
Telephone:    (310) 820-8800
4 | Facsimile:    (310) 820-8859
Email:    cwilliams@bakerlaw.com

ENDORSED

COPY 2001 NOV 21  P 12: 01

5

6 | Attorneys for Defendant
BESSER COMPANY
7

M. Rosales

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SANTA CLARA

10

11 | ROWLAND PUGH,

12 | Plaintiff

13 | v.

14 | BESSER COMPANY, CALSTONE
COMPANY and DOES 1 through 20,
15

16 | Defendants.

Case No.  107-CV-096060

**ANSWER OF BESSER COMPANY TO UNVERIFIED COMPLAINT**

17

18 | Defendant BESSER COMPANY ("Answering Defendant"), answering the

19 | unverified complaint (the "Complaint") of plaintiff ROWLAND PUGH ("Plaintiff") for itself

20 | alone, admits, denies and alleges as follows:

21 | **GENERAL DENIAL**

22 | Answering Defendant denies generally and specifically each, every and all of the

23 | allegations of each and every cause of action pleaded in the Complaint, pursuant to Section

24 | 431.30(d) of the California Code of Civil Procedure, and specifically denies that Plaintiff

25 | sustained or is entitled to damages in any sum or amount whatsoever.

26 | **AFFIRMATIVE DEFENSES**

27 | Answering Defendant, without in any way admitting any of the allegations of the

28 | Complaint, alleges as separate, independent, and affirmative defenses as follows:

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

### FIRST AND SEPARATE AFFIRMATIVE DEFENSE

2     1.     As a first and separate affirmative defense to each and every cause of action

3    pleaded in the complaint, Answering Defendant alleges that if Plaintiff sustained any injury or is

4    entitled to any damages under the circumstances alleged in the complaint or in any other respect,

5    which is denied, said injuries and damages were wholly or in part directly and proximately caused

6    by Plaintiff's own negligence, carelessness, lack of due care and fault or by the negligence,

7    carelessness, lack of due care and fault of third parties.  In the event that Plaintiff is found to have

8    sustained and be entitled to damages, Answering Defendant is liable to its degree of fault or

9    responsibility and not for the negligence or fault of Plaintiff or other parties.

10

### SECOND AND SEPARATE AFFIRMATIVE DEFENSE

11     2.     As a second and separate affirmative defense to each and every cause of action

12    pleaded in the complaint, Answering Defendant alleges that at the time and place of the matters

13    alleged in the complaint, Plaintiff knew the risks, hazards and dangers necessarily incident

14    thereto, and that if Plaintiff suffered any injuries or is entitled to any damages as alleged in the

15    complaint, which is denied, said injuries and damages arose from and were caused by said risks,

16    hazards and dangers knowingly and voluntarily assumed by Plaintiff.

17

### THIRD AND SEPARATE AFFIRMATIVE DEFENSE

18     3.     As a third and separate affirmative defense to each and every cause of action

19    pleaded in the complaint, Answering Defendant alleges that any and all claims set forth against it

20    are barred in whole or in part by the applicable statute of limitations including, but not limited to,

21    sections of 335 et seq. of the California Code of Civil Procedure.

22

### FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

23     4.     As a fourth and separate affirmative defense to each and every cause of action

24    pleaded in the complaint, Answering Defendant alleges that each and every purported cause of

25    action pleaded fails to state facts sufficient to constitute a cause of action against Answering

26    Defendant.

27

28

ANSWER OF BESSER COMPANY TO UNVERIFIED COMPLAINT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    **FIFTH AND SEPARATE AFFIRMATIVE DEFENSE**

2    5.    As a fifth and separate affirmative defense to each and every cause of action

3    pleaded in the complaint, Answering Defendant alleges that Plaintiff failed to mitigate his

4    injuries, damages and/or losses which he contends he suffered and is therefore barred from

5    recovery.

6    **SIXTH AND SEPARATE AFFIRMATIVE DEFENSE**

7    6.    As a sixth and separate affirmative defense to each and every cause of action

8    pleaded in the complaint, Answering Defendant alleges that any and all claims set forth against it

9    are barred, in whole or in part, by the doctrine of estoppel.

10    **SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE**

11    7.    As a seventh and separate affirmative defense to each and every cause of action

12    pleaded in the complaint, Answering Defendant alleges that any and all claims set forth against it

13    are barred, in whole or in part, by a modification and/or alteration to the product(s) at issue in this

14    case.

15    **EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE**

16    8.    As an eighth and separate affirmative defense to each and every cause of action in

17    the complaint, Answering Defendant alleges that any and all claims set forth against it are barred

18    by the use of the product(s) at issue in this case in an unintended and/or unforeseen manner.

19    **NINTH AND SEPARATE AFFIRMATIVE DEFENSE**

20    9.    As a ninth and separate affirmative defense to each and every cause of action in

21    the complaint, Answering Defendant alleges that Plaintiff is barred from any recovery against

22    Answering Defendant because the alleged damages are speculative.

23    **TENTH AND SEPARATE AFFIRMATIVE DEFENSE**

24    10.    As a tenth and separate affirmative defense to each and every cause of action in the

25    Complaint, Answering Defendant alleges that the Plaintiff's alleged injuries were caused by a

26    supervening and/or intervening cause.

27

28

- 3 -

1

## ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

2     11.    As an eleventh and separate affirmative defense to each and every cause of action

3 in the Complaint, Answering Defendant alleges that Plaintiff has waived any claim for relief

4 against this Answering Defendant arising out of the matters set forth in the Complaint.

5

## TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE

6     12.    As a twelfth and separate affirmative defense to each and every cause of action in

7 the Complaint, Answering Defendant alleges that Plaintiff knew of, approved of, and ratified each

8 of the acts of Answering Defendant and/or the other defendants as alleged in the Complaint, and

9 Plaintiff is therefore barred from any recovery against this Answering Defendant.

10

## THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

11     13.    As a thirteenth and separate affirmative defense to each and every cause of action

12 in the Complaint, Answering Defendant alleges that Plaintiff knew of, and acquiesced to each of

13 the acts of Answering Defendant and/or the other defendants as alleged in the Complaint, and

14 Plaintiff is therefore barred from any recovery or relief against this Answering Defendant.

15

## FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

16     14.    As a fourteenth and separate affirmative defense to each and every cause of action

17 in the Complaint, Answering Defendant alleges that it was not the factual or proximate cause of

18 Plaintiff's alleged injuries.

19

## FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

20     15.    As a fifteenth and separate affirmative defense to each and every cause of action in

21 the Complaint, Answering Defendant alleges that Plaintiff's alleged injuries were caused by the

22 actions of a fellow servant and not the result of a defect or malfunction of the product at issue in

23 this case.

24

## SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

25     16.    As a sixteenth and separate affirmative defense to each and every cause of action

26 in the Complaint, Answering Defendant alleges that Plaintiff's alleged injuries were caused by

27 the acts or omissions of third parties over whom Answering Defendant had no control.

28

- 4 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

2      17.    As a seventeenth and separate affirmative defense to each and every cause of

3 action in the Complaint, Answering Defendant alleges that Plaintiff's employer was a

4 sophisticated purchaser of the product(s) at issue in this case with superior knowledge of the

5 attendant risks associated with the use of such product(s) and a duty to warn its employees,

6 including Plaintiff, of such risks.

7

## EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

8      18.    As an eighteenth and separate affirmative defense to each and every cause of

9 action in the Complaint, Answering Defendant alleges that it provided instructions and warnings

10 about the use of the product(s) at issue in this case about the use of such product(s) to the

11 purchaser, who had a duty to pass on those instructions and warnings to Plaintiff or subsequent

12 users of such product(s).

13

## NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE

14      19.    As a nineteenth and separate affirmative defense to each and every cause of action

15 in the Complaint, Answering Defendant alleges that the risks of danger that Plaintiff alleges

16 caused his injuries were open and obvious to a reasonable user of the product(s) at issue in this

17 case.

18

## TWENTIETH AND SEPARATE AFFIRMATIVE DEFENSE

19      20.    As a twentieth and separate affirmative defense to each and every cause of action

20 in the Complaint, Answering Defendant alleges that Plaintiff's claims are barred by the doctrine

21 of avoidable consequences.

22

## TWENTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE

23      21.    As a twenty-first and separate affirmative defense to each and every cause of

24 action in the Complaint, Answering Defendant alleges that Plaintiff's claims are barred by the

25 state of the art defense.

26

## TWENTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE

27      22.    As a twenty-second and separate affirmative defense to each and every cause of

28 action in the Complaint, Answering Defendant alleges that Plaintiff's alleged injuries were caused

- 5 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    by the misuse of the product at issue in this case.

2    <div align="center">**TWENTY-THIRD AND SEPARATE AFFIRMATIVE DEFENSE**</div>

3        23.    As a twenty-third and separate affirmative defense to each and every cause of

4    action in the Complaint, Answering Defendant states that if it is established that Answering

5    Defendant is in any manner legally responsible for the damages, events, matters, and things

6    alleged in the complaint, which responsibility for the damages is specifically denied, Answering

7    Defendant is entitled to indemnity and/or contribution from other persons and entities in direct

8    proportion to the negligence or other actionable conduct which proximately caused, or

9    contributed to, the damages, events, matters, and things alleged in the complaint.

10    <div align="center">**TWENTY-FOURTH AND SEPARATE AFFIRMATIVE DEFENSE**</div>

11        24.    As a twenty-fourth and separate affirmative defense to each and every cause of

12    action in the Complaint, Answering Defendant states that the liability of Answering Defendant

13    for damages, which is denied, shall not be greater than that permitted by California Civil Code

14    § 1430 *et seq.*, including, but not limited to, § 1431 and § 1431.1.

15    <div align="center">**TWENTY-FIFTH AND SEPARATE AFFIRMATIVE DEFENSE**</div>

16        25.    As a twenty-fifth and separate affirmative defense to each and every cause of

17    action in the Complaint, Answering Defendant alleges that any and all claims set forth against it

18    are barred in whole or in part by the applicable statutes of repose.

19    <div align="center">**TWENTY-SIXTH AND SEPARATE AFFIRMATIVE DEFENSE**</div>

20        26.    As a twenty-sixth and separate affirmative defense to each and every cause of

21    action in the Complaint, Answering Defendant alleges that Plaintiff's Complaint and all purported

22    causes of action therein are stated in conclusory terms, and therefore Answering Defendant

23    cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly,

24    Answering Defendant hereby reserves its right to add additional affirmative defenses, if and to the

25    extent such affirmative defenses are applicable to this action.

26        **WHEREFORE**, Answering Defendant prays for judgment as follows:

27        1.    That the unverified Complaint and each separate cause of action thereof be

28    dismissed;

<div align="center">- 6 -</div>

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1        2.    That Plaintiff take nothing by his unverified Complaint;

2        3.    That, in the event Plaintiff is found to have sustained and to be entitled to

3    any damages, the degree of negligence, responsibility or fault of each party who contributed to

4    said damages be determined, and that Answering Defendant be held liable only for that portion of

5    the damages which corresponds to its degree of fault or responsibility; and

6        4.    That Answering Defendant have and recover from Plaintiff its costs of suit

7    incurred herein and such other further relief as the Court may deem just and proper.

8

9    Dated: November 20, 2007              BAKER & HOSTETLER LLP

10

11                                    Sean A. Andrade

12                                    Attorneys for Defendant

13                                    BESSER COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE BY MAIL

1.    I am, and at all times herein mentioned, a citizen of the United States and a resident of the County of Los Angeles, over the age of eighteen (18) years and not a party to the within action or proceeding. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, CA 90025-7120, and I am employed in the offices of **BAKER & HOSTETLER LLP**, by a member of the Bar of this Court, at whose direction the service mentioned herein below was made.

2.    I am readily familiar with the normal business practice of my employer of the collection and processing of correspondence and other materials for mailing with the United States Postal Service. In the ordinary course of business, any materials designed for mailing with the United States Postal Service and placed by me for collection in the office of my employer is deposited the same day with the United States Postal Service.

3.    On **NOVEMBER 20, 2007**, I served the within **ANSWER OF BESSER COMPANY TO COMPLAINT,** upon counsel named below by placing a true and correct copy thereof in an envelope(s) addressed as follows:

> **Richard J. Staskus, Esq**
> **Law Offices of Richard J. Staskus**
> **84 West Santa Clara Street, Ste. 840**
> **San Jose, CA 95113**

4.    I sealed said envelope(s) and, following the ordinary business practices of my employer, placed said sealed envelope(s) in the office of my employer at 333 S. Grand Ave., Los Angeles, California, for collection and mailing with the United States Postal Service on the same date.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on November 20, 2007, at Los Angeles, California.

Carl Kinnison

056266, 000007, 501609120.2

NOV. 14. 2007  3:40PM  ...NEY MASON WILSON BOSOMWORTH    NO. 982    P. 2

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Richard J. Staskus, Esq. | 408-995-0800 | |

Richard J. Staskus, Esq.
Law Offices Of Richard J. Staskus, Esq.
94 West Santa Clara Street, Suite 840
San Jose, CA 95113

ATTORNEY FOR (Name): Rowland Pugh

FOR COURT USE ONLY

NOV 19 07

...RI TORRE
...EXEC. OFFICER/CLERK
...RIOR COURT OF CA
... OF SANTA CLARA

J. Cao-Nguyen

Insert name of court and name of judicial district and branch court, if any:
SANTA CLARA COUNTY SUPERIOR COURT

PLAINTIFF/PETITIONER: Rowland Pugh

DEFENDANT/RESPONDENT: Sesser Company, Calstone Company, and Does 1-20

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| [X] Personal Injury, Property Damage, or Wrongful Death | 1-07-CV-096060 |
| [ ] Motor Vehicle  [X] Other Products Liability | |
| [ ] Family Law | |
| [ ] Eminent Domain | |
| [X] Other (specify): | |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ ] With prejudice  (2) [X] Without prejudice
   b. (1) [X] Complaint  (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                    on (date):
      (4) [ ] Cross-complaint filed by (name):                    on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [X] Other (specify):** AS TO DEFENDANT CALSTONE COMPANY ONLY, each party to bear its own fees and costs.

Date: November 16, 2007

Richard J. Staskus, Esq.                                        BY FAX
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
                                                (SIGNATURE)
                                  Attorney or party without attorney for: Rowland Pugh

* If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

[X] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

                                                (SIGNATURE)
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)    Attorney or party without attorney for:

** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complaint (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - complainant

(To be completed by clerk)
3. [✓] Dismissal entered as requested on (date): NOV 1 9 2007
4. [ ] Dismissal entered on (date):                as to only (name):
5. [ ] Dismissal not entered as requested for the following reasons (specify):

6. [✓] a. Attorney or party without attorney notified on (date): NOV 1 9 2007
      b. Attorney or party without attorney not notified. Filing party failed to provide
         [ ] a copy to conform    [ ] means to return conformed copy

                                                J. Cao-Nguyen

Date: NOV 1 9 2007    Kiri Torre    Clerk, by _____, Deputy
                      Chief Executive Officer/Clerk

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]                    REQUEST FOR DISMISSAL
Legal Solutions Plus
Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390
Page 1 of 1

RECEIVED TIME  NOV. 14.  5:00PM
NOV. 16. 2007  12:47PM

CIV-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*  TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|
| ROGER M. MASON, ESQ. (SBN 107486)  (408) 356-3000<br>CAITLIN E. KAUFMAN, ESQ. (SBN 238424)<br>SWEENEY, MASON, WILSON & BOSOMWORTH<br>983 University Avenue, Suite 104C<br>Los Gatos, CA 95032-7637<br><br>ATTORNEY FOR *(Name):* Defendant Calstone Company | |

Insert name of court and name of judicial district and branch court, if any:

SUPERIOR COURT OF CALIFORNIA, SANTA CLARA COUNTY

PLAINTIFF/PETITIONER:  ROWLAND PUGH

DEFENDANT/RESPONDENT.  BESSER COMPANY

| NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE | CASE NUMBER: |
|---|---|
| [X] Personal Injury, Property Damage, or Wrongful Death<br>[ ] Motor Vehicle  [X] Other Products Liability<br>[ ] Family Law<br>[ ] Eminent Domain<br>[ ] Other *(specify):* | 1-07-CV-096060 |

**TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS:** A dismissal was entered in this action by the clerk as shown on the Request for Dismissal. *(Attach a copy completed by the clerk.)*

Date: November 21, 2007

CAITLIN E. KAUFMAN, ESQ.
(TYPE OR PRINT NAME OF    [X] ATTORNEY   [ ] PARTY WITHOUT ATTORNEY)                                    (SIGNATURE)

## PROOF OF SERVICE

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred. My residence or business address is:
   983 University Avenue, Suite 104C, Los Gatos, CA 95032-7637

2. [X] I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by mailing them, in a sealed envelope with postage fully prepaid, as follows:
   a. [ ] I deposited the envelope with the United States Postal Service.
   b. [X] I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
   c. Date of deposit:  November 21, 2007
   d. Place of deposit *(city and state):*  Los Gatos, CA
   e. Addressed as follows *(name and address):*
      Richard J. Staskus, Esq., 84 West Santa Clara Street, Suite 840, San Jose, CA 95113

3. [ ] I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by personally delivering copies to the person served as shown below:
   Name:                    Date:              Time:              Address:

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 21, 2007

Aubrey Seelinger
(TYPE OR PRINT NAME)                                         (SIGNATURE OF DECLARANT)
                                                                                    Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-120 [Rev January 1, 2007] | **NOTICE OF ENTRY OF DISMISSAL<br>AND PROOF OF SERVICE** | Legal<br>Solutions<br>& Plus | Code of Civil Procedure, § 581 et seq.;<br>Cal Rules of Court, rule 3 1390 |

NOV. 14. 2007  3:40PM   SW??EY MASON WILSON BOSOMWORTH   NO. 982   P. 2

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Richard J. Staskus, Esq.
Richard J. Staskus, Esq.
Law Offices Of Richard J. Staskus, Esq.
94 West Santa Clara Street, Suite 840
San Jose, CA 95113

TELEPHONE NO.: 408-995-0800

FOR COURT USE ONLY

[ENDORSED]
FILED
NOV 19 07
KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
J. Cao-Nguyen DEPUTY

ATTORNEY FOR (Name): Rowland Pugh

Insert name of court and name of judicial district and branch court, if any:
SANTA CLARA COUNTY SUPERIOR COURT

PLAINTIFF/PETITIONER: Rowland Pugh

DEFENDANT/RESPONDENT: Besser Company, Calstone Company, and Does 1-20

**REQUEST FOR DISMISSAL**
[X] Personal Injury, Property Damage, or Wrongful Death
   [ ] Motor Vehicle   [X] Other Products Liability
[ ] Family Law
[ ] Eminent Domain
[X] Other (specify):

CASE NUMBER:
1-07-CV-096060

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
  a. (1) [ ] With prejudice    (2) [X] Without prejudice
  b. (1) [X] Complaint    (2) [ ] Petition
     (3) [ ] Cross-complaint filed by (name):           on (date):
     (4) [ ] Cross-complaint filed by (name):           on (date):
     (5) [ ] Entire action of all parties and all causes of action
     (6) [X] Other (specify):* **AS TO DEFENDANT CALSTONE COMPANY ONLY**, each party to bear its own fees and costs.

Date: November 16, 2007

Richard J. Staskus, Esq.
(TYPE OR PRINT NAME OF [X] PARTY WITHOUT ATTORNEY)

[signature] BY FAX
(SIGNATURE)
Attorney or party without attorney for: Rowland Pugh

[X] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

* If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

Attorney or party without attorney for:
(SIGNATURE)

** If a cross-complaint-or Response (Family Law) seeking affirmative relief-is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

(To be completed by clerk)
3. [✓] Dismissal entered as requested on (date): NOV 19 2007
4. [ ] Dismissal entered on (date):      as to only (name):
5. [ ] Dismissal not entered as requested for the following reasons (specify):

6. [✓] a. Attorney or party without attorney notified on (date): NOV 19 2007
    b. Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to conform    [ ] means to return conformed copy

J. Cao-Nguyen

Date: NOV 19 2007    Kiri Torre      Clerk, by _____, Deputy
              Chief Executive Officer/Clerk

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]

REQUEST FOR DISMISSAL

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390

RECEIVED TIME   NOV.14.   5:00PM

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Richard J. Staskus Esq.        # 72794
Law Office of Richard J. Staskus
84 West Santa Clara Street #840
San Jose, CA 95113
TELEPHONE NO: (408) 995-0800    FAX NO: (408) 294-8481
ATTORNEY FOR *(Name)*

RESERVED FOR CLERK'S FILE STAMP

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**

COURT ADDRESS 191 North First Street
San Jose, CA 95113

PLAINTIFF    Rowland Pugh

DEFENDANT    Besser Company

| AMENDMENT TO COMPLAINT (Fictitious/Incorrect Name) | CASE NUMBER: 107 CV 096060 |
|---|---|

[X] **FICTITIOUS NAME** *(No order required)*
Upon filing the complaint in this case, the plaintiff, being ignorant of the true name of a defendant and having designated the defendant in the complaint by the fictitious name of:
Doe 1

and having discovered the defendant's true name to be:
Allen-Bradley

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

[ ] **INCORRECT NAME** *(Order required)*
The plaintiff, having designated a defendant in the complaint by the incorrect name of:

and having discovered the true name of the defendant to be:

amends the complaint by inserting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE |
|---|---|---|
| | | ▶ |

**ORDER**

THE COURT ORDERS the amendment approved and filed.

Date: _____    _____
[ ] JUDGE    [ ] COMMISSIONER

FORM NO. AC-001 (New 4-00)
Martin Dean's
ESSENTIAL FORMS™

AMENDMENT TO COMPLAINT
(Fictitious/Incorrect Name)

C.C.P. §§471.5, 472, 473, 474

Pugh, Rowland

POS-040

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Richard J. Staskus Esq.                    # 72794
Law Office of Richard J. Staskus
84 West Santa Clara Street #840
San Jose, CA 95113
TELEPHONE NO.: (408) 995-0800    FAX NO.*(Optional):* (408) 294-8481
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara County
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PETITIONER/PLAINTIFF: Rowland Pugh

RESPONDENT/DEFENDANT: Besser Company et.al.

CASE NUMBER:
107 CV 096060

| PROOF OF SERVICE-CIVIL | JUDGE: |
|---|---|
| Check method of service *(only one):* | DEPT.: |

☐ By Personal Service  ☐ By Mail      ☐ By Overnight Delivery
☐ By Messenger Service ☒ By Facsimile ☐ By E-Mail/Electronic Transmission

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1.  At the time of service I was over 18 years of age and **not a party to this action.**

2.  My address is *(specify one):* 84 West Santa Clara Street, #840 San Jose, CA 95113
    a. ☒ Business:            b. ☐ Residence:

3.  On *(date):* 2-5-08                        I served the following **documents** *(specify):*
    Amendment to Complaint (Fictitiouts/Incorrect Name)

    ☐ The documents are listed in the *Attachment to Proof of Service-Civil (Documents Served)* (form POS-040(D)).

4.  I served the documents on the **persons** below, as follows:
    a.  Name of person served:
        Sean Andrade Esq.
    b.  Address of person served:
        600 Anton Boulevard #900, Coata Mesa, CA 92626

    c.  Fax number or e-mail address of person served, if service was by fax or e-mail: 714-754-6611
    d.  Time of service, if personal service was used:
        ☐ The names, addresses, and other applicable information about the persons served is on the *Attachment to Proof of Service-Civil (Persons Served)* (form POS-040(P)).

5.  The documents were served by the following means *(specify):*
    a.  ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4.
        (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

PROOF OF SERVICE - CIVIL
**(Proof of Service)**

Pugh, Rowland

| CASE NAME: | NUMBER: |
|---|---|
| Pugh v. Besser | 107 CV 096060 |

5. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1) ☒ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ By messenger service. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☒ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2-6-08

Alfredo Yturralde
    (TYPE OR PRINT NAME OF DECLARANT)

▶ _Alfredo Yturralde_
    (SIGNATURE OF DECLARANT)

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
    (NAME OF DECLARANT)

▶ _____
    (SIGNATURE OF DECLARANT)

1    **PROOF OF SERVICE BY MAIL**

2        I am employed in Los Angeles County, California.  I am over the age of eighteen years

3    and not a party to the within-entitled action.  My business address is 12100 Wilshire Boulevard,

4    15th Floor, Los Angeles, California  90025-7120.  I am readily familiar with this firm's practice

5    for collection and processing of correspondence for mailing with the United States Postal Service.

6    On February 19, 2008, I placed with this firm at the above address for deposit with the United

7    States Postal Service a true and correct copy of the within document(s):

8            **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.**
        **§1441(b) (DIVERSITY)**

9

10   in a sealed envelope, postage fully paid, addressed as follows:

11       Richard J. Staskus, Esq.
    Law Offices of Richard J. Staskus

12       84 West Santa Clara Street, Suite 840
    San Jose, CA  95113

13       Telephone:  (408) 995-0800
    Facsimile:  (408) 294-8481

14       Following ordinary business practices, the envelope was sealed and placed for collection

15   and mailing on this date, and would, in the ordinary course of business, be deposited with the

16   United States Postal Service on this date.

17       I declare that I am employed in the office of a member of the bar of this court at whose

18   direction the service was made.

19       Executed on February 19, 2008, at Los Angeles, California.

20

21                          James A. Belton

22                              James A. Belton

23

24

25

26

27

28

056266, 000021, 501767118.1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES