1  Cranston J. William, Bar No. 162714
   Sean Andrade, Bar No. 223591
2  BAKER & HOSTETLER LLP
   12100 Wilshire Boulevard, 15th Floor
3  Los Angeles, California 90025-7120
4  Telephone:   (310) 820-8800
   Facsimile:   (310) 820-8859
5  cwilliams@bakerlaw.com
   sandrade@bakerlaw.com
6

7  Laurin D. Quiat, pro hac vice
   Cory M. Curtis, pro hac vice
8  BAKER & HOSTETLER LLP
   303 East Seventeenth Avenue, Suite 1100
9  Denver, Colorado 80203
   Telephone:   (303) 861-0600
10 Facsimile:   (303) 861-7805
11
   Attorneys for Defendant BESSER COMPANY
12

13 Richard J. Staskus, Bar No. 72794
   LAW OFFICES OF RICHARD J. STASKUS
14 84 West Santa Clara Street, Suite 840
   San Jose, California 95113
15 Telephone:   (408) 995-0800
   Facsimile:   (408) 294-8481
16

17 Attorneys for Plaintiff ROLAND PUGH

18                     UNITED STATES DISTRICT COURT

19                     NORTHERN DISTRICT OF CALIFORNIA

20

21 ROWLAND PUGH,                         )   Case No. 5:08-CV01014
                                         )
22                  Plaintiff,           )   **JOINT CASE MANAGEMENT**
                                         )   **STATEMENT AND [PROPOSED]**
23 vs.                                   )   **ORDER**
                                         )
24 BESSER COMPANY, ET AL.,               )
                                         )
25                  Defendants.          )
                                         )
26                                       )
                                         )
27 _____)

28
   / / /

                                    1
                                              *Joint Case Management Statement*

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9 and the U. S. District Court, Northern District of California's Standing Order, the parties hereby file this Joint Case Management Statement and request the Court to adopt it as its Case Management Order in this case.

**1.    Jurisdiction and Service:**

This Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which was removed to this Court by Defendant Besser Company pursuant to the provisions of 28 U.S.C. §1441(b), as it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. There are no issues regarding personal jurisdiction or venue. No parties (except "John Does") remain to be served.

**2.    Facts:**

**Plaintiff:** Plaintiff an employee of CalStone in Sunnyvale. CalStone manufactures concrete blocks using defendant Besser's concrete block machine. Plaintiff was replacing a 40 lbs steel pallet on the machine's conveyor belt, when a moving part of the machine- the machine arm- struck and knocked the pallet into the plaintiff's face causing injury to the cheek, tear duct, and other parts of the facial anatomy. The machine arm was an unguarded moving part of heavy industrial machinery located in a work zone. The work zone was located in the machine operator's blind spot.

**Defendant:** Defendant Besser Company sold a V3-12F concrete block machine to Calstone Company in or around November 1986. OSHA cited Calstone for safety violations in connection with plaintiff's accident.

**Principal Factual Issues In Dispute:** (a) At this time, the parties have not yet identified the specific factual disputes.

**3.    Legal Issues:**

**Plaintiff:**

(a) Legal Issues: Was the machine design defective - because the arm would move into a foreseeable work zone; because the arm was unguarded; because the arm and work zone were in an operator's blind spot and there was an absence of adequate safety features allowing the

machine operator to identify the presence of the plaintiff in the blind spot work zone; because there were inadequate safety features warning plaintiff the machine was being activated and the machine arm would be moving into the work zone; because there was a lack of adequate safety redundancy to warn or otherwise protect plaintiff against the mechanism of injury in this case; because there were inadequate instructions and/or warnings regarding the machine arms movement into the foreseeable work zone; because there were inadequate warnings or instructions concerning the layout/configuration of the entire machine to prevent unnecessary dangerous work zones; and other factors which may become known during discovery. Alleged employer negligence and contributory negligence of plaintiff.

**Defendant:**

Legal Issues: (a) Whether Defendant Besser Company was negligent in any way in connection with the subject V3-12F, (b) whether the subject V3-12F was defective by design, manufacture or marketing, (c) whether Defendant Besser is not liable due to any affirmative defense raised in its Answer, and (d) whether Plaintiff's damages are barred or limited by any affirmative defense raised in Defendant Besser's Answer.

**4.    Motions:**

Defendant Besser anticipates filing a motion for summary judgment or partial summary judgment.

Plaintiff may move to dismiss the negligence and breach of warranty cause of actions at the appropriate time. Plaintiff has prepared a motion to file a first amended complaint.

**5.    Amendment of Pleadings:**

Plaintiff anticipates adding Rockwell Automation as a party defendant. Apparently Rockwell manufactured the control panel which is a component part of the Besser product. Plaintiff has prepared a motion to file a first amended complaint in this regard. Plaintiff may add additional party defendants as they become known during discovery. These parties may include component part manufacturers or others involved in the design, manufacture, sale and marketing of the V3-12F.

Defendant Besser may amend its Answer and Affirmative Defenses as additional information is learned through discovery, including possibly bringing a contribution claim.

6. **Evidence Preservation:**

**Plaintiff:**

Plaintiff has retained all documents that he has received or obtained since the beginning of the incident.

**Defendant:**

Counsel for Defendant Besser is coordinating with Besser's sales and engineering departments to locate and preserve all evidence relevant to issues reasonably evident in this action. Counsel is also familiarizing itself with the methods in which relevant information was stored by Defendant Besser and how it may be located and produced to Plaintiff. However, given that the subject equipment was sold more than twenty years ago, some relevant documents may no longer exist.

7. **Disclosures:**

On or before June 3, 2008, the parties will exchange initial disclosures which will provide the names and, if known, telephone numbers and addresses of individuals likely to have discoverable information that will support their respective claims or defenses and copies of documents in each party's possession, custody or control that either may use to support their respective claims or defenses. Plaintiff will also provide a calculation of his claimed damages.

8. **Discovery:**

**Discovery completed to date:** As of the date of this report, Plaintiff and Defendant Besser have conducted on-site inspections of the subject equipment. In addition, after Plaintiff's October 11, 2006 accident, OSHA began an immediate investigation of the incident and the parties have obtained copies the OSHA files.

**Scope of anticipated discovery:** The parties anticipate that discovery will be focused on the facts and legal issues in dispute, as described in parts 2 and 3 above.

**Limitations or modifications of rules:** The parties agree that discovery should proceed pursuant to the provisions of the Federal Rules of Civil Procedure, without any modifications or limitations.

**Other Orders:** None anticipated.

**Discovery Plan:**

|   |   |
|---|---|
| 1 | Plaintiff plans to depose: persons involved in the design, manufacture, marketing, sale, installation, maintenance, repair, and operation of the machine including the control panel; persons percipient to the accident or otherwise having discoverable information relevant to the alleged accident; the person most knowledgeable depositions of all corporate defendants, depositions of health care providers, depositions of defendants experts and other witnesses with information relevant to the claims and defenses in this case. Plaintiff will propound request for admissions at the appropriate time as well as general and special interrogatories.  Plaintiff will request inspection of the manufacturing facilities where the concrete block machine and control panel are made . Plaintiff will request relevant documents including but not limited to design plans, operation manuals, maintenance manuals, recorded inter and intra corporate communications, test results, and other documents, and recorded  images.  Any persons designated by defendants as potential deponents.  OSHA personnel who investigated or evaluated the accident.  Additional on site inspections of the allegedly defective machine in operation and shut down. |

Defendant Besser plans to depose Plaintiff, any eye-witnesses to the accident, certain Calstone employees with knowledge of its safety practices and procedures and Plaintiff's work at Calstone and Plaintiff's experts and healthcare providers.  Defendant Besser may also depose any person who Plaintiff identifies as a person with personal knowledge which supports Plaintiff's claims for damages.  Defendant Besser may also depose any of the individuals deposed by Plaintiff.

Defendant Besser also plans to propound written requests for admissions, interrogatories and requests for production of documents.  Defendant Besser will require one or more additional inspection of the subject equipment at Calstone.  Defendant Besser intends to subpoena documents and deposition testimony of third parties, including Calstone Company representatives and OSHA investigators.

**9.    Class Actions:**

Not applicable.

**10.    Related Cases:**

None.

5
*Joint Case Management Statement*

11. **Relief:**

Plaintiff is seeking lost wages and benefits estimated at $150,000, medical costs estimated at $100,000 and pain & suffering estimated at $1,250,000. Defendant Besser is not seeking damages in this case, but reserves its right to recover attorney's fees and costs as allowable by law.

12. **Settlement and ADR:**

Prior to the Case Management Conference, the parties complied with ADR L.R. 3-5, including filing a Stipulation and Proposed Order Re ADR Process seeking private mediation by the presumptive deadline.

13. **Consent to Magistrate Judge for All Purposes:**

The parties will consent to a magistrate for all purposes.

14. **Other References:**

Not applicable.

15. **Narrowing of Issues:**

At this time, the parties' are unable to narrow the issues with the information they currently possess. The parties will revisit this issue as discovery progresses.

16. **Expedited Schedule:**

The parties do not believe this case can be handled on an expedited basis.

17. **Scheduling:**

Discovery Cutoff:  May 30, 2009

Designation of Experts:  Plaintiff by December 30, 2008, and defendants 30 days after.

Deadline for Hearing Dispositive Motions:  September 2009

Pretrial Conference:

Trial:  November 2009

18. **Trial:**

Plaintiff has requested a jury trial. The trial is estimated to last 10 Court days.

19. **Disclosure of Non-party Interested Entities or Persons:**

**Defendant Besser's Disclosure:**

1     Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**Plaintiff's Disclosure:**

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

Plaintiff and Defendant: None.

Dated: June 3, 2008

                        BAKER & HOSTETLER LLP

                        By: /s/
                              Cory M. Curtis
                              Attorneys for Defendant BESSER COMPANY

Dated: June 3, 2008

                        LAW OFFICES OF RICHARD J. STASKUS

                        By: /s/
                              RICHARD J. STASKUS
                              Attorney for Plaintiff
                              ROLAND PUGH

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

DATED: _____

                                              Judge Howard R. Lloyd
                                              UNITED STATES DISTRICT COURT
                                              MAGISTRATE JUDGE

**PROOF OF SERVICE**

STATE OF COLORADO        )
                         )  ss.
CITY & COUNTY OF DENVER  )

I am a resident of the State of Colorado, over the age of eighteen years, and not a party to the within action. My business address is 303 East 17th Avenue, Suite 1100, Denver, Colorado 80203.

On June 3, 2008, the foregoing document described as **JOINT CASE MANAGEMENT STATEMENT** was served on the person(s) listed below as follows:

Richard J. Staskus, Esq.
Law Office of Richard J. Staskus
84 West Santa Clara Street, Suite 840
San Jose, California 95113
Telephone:   (408) 995-0800
Facsimile:   (408) 294-8481

[ ] BY ELECTRONIC MAIL by the U.S. District Court – Live System.

[ ] BY MAIL: I placed true copies of the foregoing document in sealed envelopes addressed as stated on the above/attached service list. I placed such envelope, with postage thereon fully prepaid, for collection and mailing at Jenkens & Gilchrist, Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice the mail would be deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] PERSONAL: I caused to be personally delivered such envelope by hand to the address above.

[ X ] BY FAX: I served the foregoing document on the interested parties in this action by transmitting the above-referenced document to the above-mentioned at the following telecopy number.

[ ] BY OVERNITE EXPRESS: I served the foregoing document on the interested parties in this action by placing the document(s) listed above to be delivered via Overnite Express in a sealed envelope at Los Angeles, California addressed as set forth below.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on June 3, 2008, in Denver, Colorado.

_____/s/_____
Stephanie Bliss

*Proof of Service*