Cranston J. William, Bar No. 162714
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-7120
Telephone:   (310) 820-8800
Facsimile:   (310) 820-8859
cwilliams@bakerlaw.com

Laurin D. Quiat, *pro hac vice*
Cory M. Curtis, *pro hac vice*
BAKER & HOSTETLER LLP
303 East Seventeenth Avenue, Suite 1100
Denver, Colorado 80203
Tel: (303) 861-0600
Fax: (303) 861-7805

Attorneys for Defendant BESSER COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWLAND PUGH,<br><br>                Plaintiff,<br><br>vs.<br><br>BESSER COMPANY, ET AL.,<br><br>                Defendants. | Case No. 5:08-CV01014<br><br>**BESSER COMPANY'S MOTION TO RESCHEDULE INITIAL CASE MANAGEMENT CONFERENCE AND FOR OTHER RELIEF** |

Defendant Besser Company, by and through its undersigned counsel, hereby submits its *Motion to Reschedule Initial Case Management Conference and for Other Relief*, as follows:

1. Pursuant to the Court's Order of February 20, 2008 Setting Initial Case Management Conference and ADR Deadlines, the parties filed the documents required by that Order on or before June 3, 2008. Such documents include the Joint Federal Rule 26f Report, the Joint Case Management Statement and Proposed Order, the ADR Certifications, the Stipulation

1

*Motion to Reschedule Initial
Case Management Conference and
for Other Relief*

and Proposed Order Selecting Private ADR and their Consents to Proceed before a United States Magistrate Judge.  The plaintiff and defendant Besser Company exchanged Rule 26 disclosures on or before June 3, 2008 and conducted the required Rule 26f conference.

2.  Pursuant to the Court's Order of February 20, 2008, the Court held an initial case management conference on June 10, 2008 in United States Magistrate Judge Lloyd's courtroom.

3.  The initial case management conference was brief.  The plaintiff's counsel represented to the Court that he intended to add/join Rockwell Automation as a party defendant to the suit.  The Court asked the plaintiff's counsel when Rockwell would be added/joined.  The plaintiff's counsel responded that it could be done easily, within a week or so.  Since Rockwell would soon be added to the suit, the Court chose not to set a discovery plan or to conduct a full initial case management conference, in Rockwell's absence.  Instead, the Court rescheduled the initial case management conference for August 5, 2008 to provide time for Rockwell to be served, to respond to the plaintiff's amended complaint and to participate meaningfully in its Rule 26 obligations and the Court's Order of February 20, 2008.

4.  To date, to the knowledge of undersigned counsel, no motion to add/join Rockwell has been filed or served, and no amended complaint has been filed or served.

5.  Undersigned counsel mailed and faxed letters to plaintiff's counsel on July 1, 2008 and July 21, 2008.  Both letters sought information as to the status of Rockwell in this litigation and reminded plaintiff's counsel that this issue should be resolved well in advance of the August 5, 2008 rescheduled initial case management conference.  Despite the letters and at least two telephone messages, the plaintiff's counsel has not contacted undersigned counsel about Rockwell or the August 5, 2008 initial case management conference.

6.  Accordingly, Defendant Besser Company requests that the Court reschedule the August 5, 2008 initial case management conference to a later date convenient to the Court.  Alternatively, if the Court desires to conduct the initial case management conference in the absence of Rockwell, then counsel for Defendant Besser Company requests to appear by telephone to avoid the expense of travelling (a second time) from Denver, Colorado to San Jose, California.

1    7.    In addition, since the documents required to be filed under the Court's February 20, 2008 Order (in advance of the initial case management conference) have been already filed, Defendant Besser Company requests that no new documents be filed in advance of the August 5, 2008 initial case management conference, unless and until the Rockwell issue is resolved. If Rockwell is not added/joined in this matter, then the documents already on file with the Court are sufficient, except the deadlines should all be pushed back approximately 60 days. On the other hand, if Rockwell is added/joined, an entirely new discovery plan and joint case management statement will need to be prepared with Rockwell's involvement and filed with the Court. Also, the Private ADR presumptive deadline should begin to run from the rescheduled initial case management conference, whether August 5, 2008, or a later date set by the Court.

8.    The Rockwell issue has caused prejudice to Defendant Besser Company by delaying the case and the progression of discovery.

9.    Defendant Besser Company also requests that the Court grant such other and further relief the Court deems just and proper under the circumstances.

WHEREFORE, Defendant Besser Company requests that this Court grant its Motion to Reschedule Initial Case Management Conference and for Other Relief, and grant such further relief that the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED,

Dated: July 25, 2008

                                              BAKER & HOSTETLER LLP

                                              By: /s/ Cory M. Curtis
                                                     Cory M. Curtis
                                                     Attorneys for Defendant BESSER COMPANY

*Motion to Reschedule Initial Case Management Conference and for Other Relief*

**PROOF OF SERVICE**

STATE OF COLORADO            )
                             )  ss.
CITY & COUNTY OF DENVER      )

I am a resident of the State of Colorado, over the age of eighteen years, and not a party to the within action. My business address is 303 East 17th Avenue, Suite 1100, Denver, Colorado 80203.

On July 25, 2008, the foregoing document described as **BESSER COMPANY'S MOTION TO RESCHEDULE INITIAL CASE MANAGEMENT CONFERENCE AND FOR OTHER RELIEF** was served on the person(s) listed below as follows:

Richard J. Staskus, Esq.
Law Office of Richard J. Staskus
84 West Santa Clara Street, Suite 840
San Jose, California 95113
Telephone:  (408) 995-0800
Facsimile:   (408) 294-8481

[ X ]  BY ELECTRONIC MAIL by the U.S. District Court – Live System.

[ ]  BY MAIL:  I placed true copies of the foregoing document in sealed envelopes addressed as stated on the above/attached service list.  I placed such envelope, with postage thereon fully prepaid, for collection and mailing at Jenkens & Gilchrist, Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice the mail would be deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  PERSONAL:  I caused to be personally delivered such envelope by hand to the address above.

[ X ]  BY FAX:  I served the foregoing document on the interested parties in this action by transmitting the above-referenced document to the above-mentioned at the following telecopy number.

[ ] BY OVERNITE EXPRESS:  I served the foregoing document on the interested parties in this action by placing the document(s) listed above to be delivered via Overnite Express in a sealed envelope at Los Angeles, California addressed as set forth below.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on July 25, 2008, in Denver, Colorado.

/s/ Sheila Golembiowski

*Proof of Service*