1  RICHARD J. STASKUS, SBN 72794
   **LAW OFFICES OF RICHARD J. STASKUS**
2  84 W. Santa Clara Street, Suite 840
   San Jose, CA 95113
3  Telephone: (408) 995-0800

4  Attorneys for Plaintiff,
   Rowland Pugh
5

6  *Filed*
   *AUG 0 6 2008*
   RICHARD W. WIEKING
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
   SAN JOSE

7

8  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
9

10  ROWLAND PUGH,                          **Case No.: C08-01014-HRL**

11              Plaintiff,                 **FIRST AMENDED COMPLAINT FOR**
                                           **DAMAGES**
12  vs.

                                           DEMAND FOR JURY TRIAL
13   BESSER COMPANNY, a Michigan
     corporation, ROCKWELL AUTOMATION,
14   a Wisconsin corporation et al.

15              Defendants.

16  _____/

17
    Comes now ROWLAND PUGH who hereby alleges as follows:
18
                            **PARTIES**
19
    1. Plaintiff Rowland Pugh is an individual who, at all times relevant hereto, was a resident in
20
    the State of California, County of Santa Clara.
21
    2. Plaintiff is informed and believes, and upon that basis alleges, that defendant Besser
22
    Company is a Michigan corporation that, at all times relevant hereto, had its principal place
23
    of business in the State of Michigan.
24
    3. Plaintiff is informed and believes, and on that basis alleges, that defendant Rockwell
25
    Automation is a Wisconsin corporation, that at all times relevant hereto, had its principal
26
    place of business in the State of Wisconsin. Plaintiff names this defendant in this First
27
    Amended Complaint in place of the previously named fictitious defendant, Doe 2.
28

Law Offices of
Richard J. Staskus
84 W. Santa Clara Street
Suite 840
San Jose, CA 95113
(408) 995-0800

1
FIRST AMENDED COMPLAINT

1

## JURISDICTION AND VENUE

2   4. Plaintiff first brought suit in the state Superior Court of California, Santa Clara County,

3   action number 107CV096060, on October 10, 2007.  Named defendants at that time were

4   Besser Company and Calstone Company.  On or about October 16, 2007, Besser Company

5   was served with plaintiff's complaint.  On or about November 19, 2007,  plaintiff dismissed

6   Calstone Company from the complaint.  The dismissal of of Calstone Company had the

7   effect of creating  complete diversity between the parties by virtue of Besser Company's

8   incorporation and principal place of business in the State of Michigan.

9   5. On or about February 20, 2007, defendant Besser Company filed a Notice of Removal of

10  Action under 28 USC § 1441(B).

11  6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12

### FIRST CAUSE OF ACTION
### STRICT PRODUCT LIABILITY
### (against all defendants)

13

14

15  7. On or about October 11, 2006, plaintiff Rowland Pugh was injured by the following

16  product which was designed, manufactured, sold, or installed to the public by defendants: A

17  model V3 Vibrapak (Rear Steel Pallet Feeder) used for the manufacturing of concrete units

18  ("Product", hereafter), which includes a defective control panel designed and manufactured

19  by Rockwell Automation

20  8. At all times relevant hereto, plaintiff was an employee of Calstone Company, the

21  purchaser of the Product, and was a foreseeable user of the Product.

22  9. Plaintiff was lawfully working on the premises where Product was operating, when he

23  was suddenly and without notice struck in the face by be a heavy metal plate which was

24  struck by the Product, and was severely injured.

25  10. Each defendant named herein knew the Product would be purchased and used without

26  inspection  for defects.

27  11. The product was defective when it left the control of each defendant.

28  12. The product, at the time of injury, was being used: a) in the manner intended by

Law Offices of
Richard J. Staskus
84 W. Santa Clara Street
Suite 840
San Jose, CA 95113
(408) 995-0800

2

1  defendants; and b) in a manner that was reasonably foreseeable by defendants as involving a

2  substantial danger not readily apparent to the users. Adequate warnings and instructions of

3  this danger were not given. Product was defective in that there was inadequate installation

4  instructions.

5  13. Plaintiff was manually stacking a metal plate in a hopper intended for the metal plates

6  when an automated metal arm intruded into his working space and knocked the heavy metal

7  plate into plaintiff's face, causing great injuries to his body and the damages claimed

8  hereafter.

9  14. Product was defective in that there existed a blind spot in the Product operator's work

10  area preventing the Product's operator from seeing the area where plaintiff was injured,

11  allowing the injury to plaintiff to occur.

12  15. Product was defective in that there was inadequate warning that the automated metal arm

13  was being activated.

14  16. Product was defective in that there was no warning to the operator of Product working at

15  the control panel of Product that any worker was located in the area of injury, allowing the

16  activation of the Product and causing the injury to plaintiff.

17  17. Product was defective in that there were no protective devices installed on Product to

18  protect foreseeable users from being struck by the automated metal arm, causing plaintiff to

19  be injured.

20  18. Product was defective in its failure to have adequate devices and warnings to

21  foreseeable users of Product, allowing them to know that other foreseeable users of Product

22  were in the area of danger caused by the Product, causing plaintiff to be injured.

23  19. Product was defective as the Product lacked adequate safety redundancy needed to

24  protect a foreseeable user, including plaintiff, from being injured by the automated metal

25  arm.

26  20. Product was defective in its failure to have adequate safety devices and warnings

27  alerting foreseeable users in the area of danger caused by Product that the automated metal

28  arm about to be activated, causing plaintiff to be injured.

Law Offices of
Richard J. Staskus
84 W. Santa Clara Street
Suite 840
San Jose, CA 95113
(408) 995-0800

3
FIRST AMENDED COMPLAINT

1   21. Product's defective conditions existed when Product was manufactured, designed, sold

2   and installed by defendants, allowing foreseeable users, including plaintiff, to be injured in

3   the manner that plaintiff was injured.

4   22. Product's defective conditions made it not suited for purposes it was intended when it

5   was manufactured, designed, installed and sold to the public, causing plaintiff to be injured.

6

7   **SECOND CAUSE OF ACTION**
    **NEGLIGENT PRODUCT LIABILITY**
    **(against all defendants)**

8

9   23. All allegations in paragraphs 7-22 are incorporated herein by reference.

10  24. All defendants were negligent in the manufacture of the Product, the installation of the

11  the Product, the design of the Product in that they caused the Product to be sold and installed

12  with unsafe control panel location, no safety devices to protect workers from the sudden

13  movement of an automated mechanical arm intruding into their work areas, no warning to

14  workers in the zone of danger that could be detected that the arm was to be activated, and a

15  blind spot from which the operator of the Product could not see the area in which the

16  mechanical arm posed a danger to other users of Product.

17  25. The negligent, wanton, reckless and careless acts of the defendants, their agents, servants

18  and/or employees legally caused the accident and resultant injuries incurred by plaintiff as

19  alleged herein.

20  **THIRD CAUSE OF ACTION**
    **PRODUCT LIABILITY– BREACH OF WARRANTY**
    **(against all defendants)**

21

22  26. All allegations pleaded in paragraphs 7-25 are incorporated herein by reference.

23  27. All Defendants warranted in designing, manufacturing, distributing, selling and placing

24  into the stream of commerce the Product and it component parts to all foreseeable persons

25  using the same, that said product and its component parts were properly designed,

26  manufactured, distributed sold and placed into the stream of commerce so that it was

27  reasonably safe and adequate for the purpose for which it was intended and that the Product

28  and its components were safe, proper, merchantable, and fit for its intended purpose.

Law Offices of
Richard J. Staskus
84 W. Santa Clara Street
Suite 840
San Jose, CA 95113
(408) 995-0800

4

FIRST AMENDED COMPLAINT

28. The use to which Product and its component parts were being used at the time of injury were foreseeable bu defendants prior to the sale of Product to the general public.

29. Plaintiff relied on the express and/or implied warranties in using Product.

30. Defendants breached said warranties, in the manner stated above.

31. Plaintiff gave notice to defendants of the breach of warranty.

32. As a result of the breach by defendants, and them all, plaintiff was injured in his body and mind, some of which, on information and belief, are permanent.  Plaintiff also suffered great pain, disfigurement and loss of body function.  Plaintiff suffered medical care and expenses, past and future, lost wages, past and future, and great emotional distress.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands judgment from defendants for:

1. Special damages according to proof, but in no case less that $75,000.00;

2. General damages according to proof;

3. Lost earning and impairment of earning capacity according to proof;

4. Interest as allowed by law;

5. Costs of suit; and

6. Such other and further relief as the court may deem proper.

Dated: August  5  , 2008                    **LAW OFFICES OF RICHARD J. STASKUS**

Richard J. Staskus
Attorney for Plaintiff

Law Offices of
Richard J. Staskus
84 W. Santa Clara Street
Suite 840
San Jose, CA 95113
(408) 995-0800

5
FIRST AMENDED COMPLAINT