Cranston J. Williams, Bar No. 162714
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA  90025-7120
Telephone:   (213) 975-1600
Facsimile:    (213) 975-1740
Email:          cwilliams@bakerlaw.com

Laurin D. Quiat, *pro hac vice*
Cory M. Curtis, *pro hac vice*
BAKER & HOSTETLER LLP
303 East Seventeenth Avenue, Suite 1100
Denver, Colorado 80203
Telephone:   (303) 861-0600
Facsimile:    (303) 861-7805
Email:          lquiat@bakerlaw.com
                    ccurtis@bakerlaw.com

Attorneys for Defendant
BESSER COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWLAND PUGH,<br><br>               Plaintiff<br><br>v.<br><br>BESSER COMPANY, CALSTONE COMPANY and DOES 1 through 20,<br><br>               Defendants. | Case No. 5:08-CV01014<br><br>**BESSER COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant BESSER COMPANY ("Answering Defendant"), answering the First Amended Complaint (the "Amended Complaint") of plaintiff ROWLAND PUGH ("Plaintiff") for itself alone, admits, denies and alleges as follows:

**AS TO THE PARTIES**

1. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint and therefore denies same.

2. Answering Defendant admits the allegations of paragraph 2 of the

1  Amended Complaint.

2        3.    Answering Defendant lacks sufficient knowledge or information to form a
3  belief as to the truth of the allegations of paragraph 3 of the Amended Complaint and therefore
4  denies same.

5        4.    Answering Defendant admits that diversity jurisdiction is proper and that
6  paragraph 4 otherwise sets forth the procedural history of this case. Paragraph 4, however, to the
7  extent it does not contain well-pleaded allegations of fact, no response to same is necessary and
8  such "allegations" should be stricken. To the extent any response is necessary to the extraneous
9  "allegations" of paragraph 4, Answering Defendant out of an abundance of caution denies the
10 allegations of paragraph 4 of the Amended Complaint.

11       5.    Answering Defendant admits the allegations of paragraph 5 of the
12 Amended Complaint. Answering Defendant avers that the removal to this Court pursuant to 28
13 U.S.C. § 1441 and diversity jurisdiction pursuant to 28 U.S.C. § 1332 were and remain proper,
14 notwithstanding the purported addition of Rockwell Automation Corp. as a party defendant.

15       6.    Answering Defendant admits the allegations contained in paragraph 6 of
16 the Amended Complaint that the amount in controversy for diversity jurisdiction purposes
17 exceeds $75,000, exclusive of interest and costs, but expressly denies that the Plaintiff is entitled
18 to any damages from Answering Defendant.

**AS TO THE FIRST CAUSE OF ACTION**
**STRICT PRODUCT LIABILITY**
**(against all defendants)**

21       7.    Answering Defendant lacks sufficient knowledge or information to form a
22 belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint and
23 therefore denies the same.

24       8.    Answering Defendant lacks sufficient knowledge or information to form a
25 belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint and
26 therefore denies the same.

27       9.    Answering Defendant lacks sufficient knowledge or information to form a
28 belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

therefore denies the same.

10. Answering Defendant denies the allegations contained in paragraph 10 of the Amended Complaint.

11. Answering Defendant denies the allegations contained in paragraph 11 of the Amended Complaint.

12. Answering Defendant denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint and therefore denies the same.

14. Answering Defendant denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Answering Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Answering Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Answering Defendant denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Answering Defendant denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Answering Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

20. Answering Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

21. Answering Defendant denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Answering Defendant denies the allegations contained in paragraph 22 of the Amended Complaint.

### AS TO THE SECOND CAUSE OF ACTION
### NEGLIGENT PRODUCT LIABILITY
### (against all defendants)

23. Answering Defendant incorporates by reference its responses to paragraphs 1-22 set forth above.

24. Answering Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Answering Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

### AS TO THE THIRD CAUSE OF ACTION
### PRODUCT LIABILITY—BREACH OF WARRANTY
### (against all defendants)

26. Answering Defendant incorporates by reference its responses to paragraphs 1-25 set forth above.

27. Answering Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Answering Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Answering Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Answering Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Answering Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Answering Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

Answering Defendant, without in any way admitting any of the allegations of the Amended Complaint, alleges as separate, independent, alternative and affirmative defenses as follows:

Baker & Hostetler LLP
Attorneys At Law
Los Angeles

## AFFIRMATIVE DEFENSES

### FIRST AND SEPARATE AFFIRMATIVE DEFENSE

As a first and separate affirmative defense to each and every cause of action pleaded in the Amended Complaint, Answering Defendant alleges that if Plaintiff sustained any injury or is entitled to any damages under the circumstances alleged in the Amended Complaint or in any other respect, which is denied, said injuries and damages were wholly or in part directly and proximately caused by Plaintiff's own negligence, carelessness, lack of due care and fault or by the negligence, carelessness, lack of due care and fault of third parties.  In the event that Plaintiff is found to have sustained and be entitled to damages, Answering Defendant is liable to its degree of fault or responsibility and not for the negligence or fault of Plaintiff or other parties. The fault or responsibility, if any, of third parties must be apportioned to such parties.

### SECOND AND SEPARATE AFFIRMATIVE DEFENSE

As a second and separate affirmative defense to each and every cause of action pleaded in the Amended Complaint, Answering Defendant alleges that at the time and place of the matters alleged in the Amended Complaint, Plaintiff knew the risks, hazards and dangers necessarily incident thereto, and that if Plaintiff suffered any injuries or is entitled to any damages as alleged in the Amended Complaint, which is denied, said injuries and damages arose from and were caused by said risks, hazards and dangers knowingly and voluntarily assumed by Plaintiff.

### THIRD AND SEPARATE AFFIRMATIVE DEFENSE

As a third and separate affirmative defense to each and every cause of action pleaded in the Amended Complaint, Answering Defendant alleges that any and all claims set forth against it are barred in whole or in part by the applicable statute(s) of limitations, statute(s) of repose and/or laches.

### FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

As a fourth and separate affirmative defense to each and every cause of action pleaded in the Amended Complaint, Answering Defendant alleges that each and every purported cause of action pleaded fails to state a claim against Answering Defendant upon which relief may be granted.

**FIFTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a fifth and separate affirmative defense to each and every cause of action pleaded in the Amended Complaint, Answering Defendant alleges that Plaintiff failed to mitigate his injuries, damages and/or losses, if any, which he contends he suffered and is therefore barred from recovery.

**SIXTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a sixth and separate affirmative defense to each and every cause of action pleaded in the Amended Complaint, Answering Defendant alleges that any and all claims set forth against it are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

**SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a seventh and separate affirmative defense to each and every cause of action pleaded in the Amended Complaint, Answering Defendant alleges that any and all claims set forth against it are barred, in whole or in part, by a modification, substantial change and/or alteration to the product(s) at issue in this case.

**EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a eighth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that any and all claims set forth against it are barred by the use and/or misuse of the product(s) at issue in this case in an unintended and/or unforeseeable manner.

**NINTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a ninth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Plaintiff is barred from any recovery against Answering Defendant because the alleged damages are speculative, hypothetical and/or uncertain.

**TENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a tenth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that the Plaintiff's alleged injuries were caused by a supervening and/or intervening cause.

ANSWER OF BESSER COMPANY TO FIRST AMENDED COMPLAINT

**ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a eleventh and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Plaintiff's alleged injuries were caused by a fellow servant, his employer(s) and/or other third parties over which Answering Defendant had no control.

**TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a twelfth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Plaintiff knew of, approved of, and ratified each of the acts of Answering Defendant and/or the other defendants as alleged in the Amended Complaint, and Plaintiff is therefore barred from any recovery against this Answering Defendant.

**THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a thirteenth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Plaintiff knew of, and acquiesced to each of the acts of Answering Defendant and/or the other defendants as alleged in the Amended Complaint, and Plaintiff is therefore barred from any recovery or relief against this Answering Defendant.

**FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a fourteenth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that it was not the factual or proximate cause of Plaintiff's alleged injuries.

**FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a fifteenth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Plaintiff's alleged injuries were caused by the actions of a fellow servant and/or employer(s) and not the result of a defect, malfunction or failure to warn with respect to the product at issue in this case.

**SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a sixteenth and separate affirmative defense to each and every cause of action

- 7 -

in the Amended Complaint, Answering Defendant alleges that Plaintiff's alleged injuries were caused by the acts and/or omissions of third parties over whom Answering Defendant had no control.

**SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As an seventeenth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Plaintiff's employer was a sophisticated purchaser of the product(s) at issue in this case with superior knowledge of the attendant risks associated with the use of such product(s) and a duty to warn its employees, including Plaintiff, of such risks. In addition, Plaintiff's employer had a duty, over its twenty-year ownership of the product(s) at issue, to provide routine maintenance, service and upkeep, and the failure to do so caused Plaintiff's alleged injuries. At the time of purchase of the product(s) at issue and throughout its twenty years of ownership and control, Plaintiff's employer had a duty to inspect the product(s) at issue for alleged defects/safety concerns and, if any existed, to correct them or to notify Besser Company; Plaintiff's employer's failure to do so caused, solely or in part, Plaintiff's alleged injuries.

**EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a eighteenth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that it provided instructions and warnings about the use of the product(s) at issue in this case about the use of such product(s) to the purchaser, who had a duty to pass on those instructions and warnings to Plaintiff or subsequent users of such product(s). In addition, Plaintiff's employer had a duty, over its twenty-year ownership of the product(s) at issue, to provide routine maintenance, service and upkeep, and the failure to do so caused Plaintiff's alleged injuries. At the time of purchase of the product(s) at issue and throughout its twenty-years of ownership and control, Plaintiff's employer had a duty to inspect the product(s) at issue for alleged defects/safety concerns and, if any existed, to correct them or to notify Besser Company; Plaintiff's employer's failure to do so caused, solely or in part, Plaintiff's alleged injuries.

ANSWER OF BESSER COMPANY TO FIRST AMENDED COMPLAINT

### NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a nineteenth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that the risks of danger that Plaintiff alleges caused his injuries were open and obvious to a reasonable user of the product(s) at issue in this case.

### TWENTIETH AND SEPARATE AFFIRMATIVE DEFENSE

As a twentieth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Plaintiff's claims are barred by the doctrine of avoidable consequences, and/or the last clear chance doctrine.

### TWENTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE

As a twenty-first and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Plaintiff's claims are barred by the state of the art defense. The particular risks about which Plaintiff complains were neither known or knowable by the application of scientific knowledge available at the time of the design and/or manufacture of the product(s) at issue. In addition, in designing, manufacturing and marketing the product(s) at issue, Answering Defendant complied with all industry regulations, customs, usage and requirements.

### TWENTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE

As a twenty-second and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that the alleged warranties relied upon by Plaintiff were disclaimed, not provided and/or inapplicable to the product(s) or user(s) at issue.

### TWENTY-THIRD AND SEPARATE AFFIRMATIVE DEFENSE

As a twenty-third and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Plaintiff failed to provide proper notice of his alleged breach of warranty claim.

### TWENTY-FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

As a twenty-fourth and separate affirmative defense to each and every cause of

action in the Amended Complaint, Answering Defendant alleges that Plaintiff, a fellow servant and/or the employer failed to follow Cal-OSHA and OSHA regulations. The failure to do so caused the accident and constitutes negligence.

### TWENTY-FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

As a twenty-fifth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Calstone Company must indemnify Besser Company for any liability or obligation incurred by Besser to persons injured directly or indirectly in connection with the operation of Besser equipment, if Calstone failed to require its employees to use safe operating procedures or removes a guard or warning.

### TWENTY-SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

As a twenty-sixth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Calstone Company failed (1) to properly train its employees on the safe operation of the product(s) at issue, including Lock Out/Tag Out procedures, (2) failed to post appropriate instructions on critical safety practices and instructions, and (3) failed to properly guard the product(s) at issue. These Cal-OSHA violations, as well as other acts and omissions by the plaintiff's employer, Calstone, caused the plaintiff's alleged injuries.

### TWENTY-SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

As a twenty-seventh and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Calstone Company provided specific instructions on loading pallets into the pallet magazine, while the product(s) was operating. This dangerous procedure, as well as other unsafe shop practices, were the sole proximate cause of the plaintiff's alleged injuries.

### TWENTY-EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE

As a twenty-eighth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Plaintiff's claims are barred by illegality.

ANSWER OF BESSER COMPANY TO FIRST AMENDED COMPLAINT

**TWENTY-NINTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a twenty-ninth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that there is no privity between Besser Company and Plaintiff.

**THIRTIETH AND SEPARATE AFFIRMATIVE DEFENSE**

As a thirtieth and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that Plaintiff would have heeded no warning or the manufacturer's instructions regarding loading steel pallets because Plaintiff's employer instructed and required employees to use an unsafe procedure inconsistent with the manufacturer's warnings and Cal-OSHA and OSHA regulations; accordingly, Answering Defendant's alleged failure to warn was not the proximate cause of Plaintiff's alleged injuries.

**THIRTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE**

As a thirty-first and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant alleges that to the extent not expressly stated above but fairly implied by the foregoing the product(s) at issue is not defective by reason of design defect, manufacturing defect and/or failure to warn under California law, and that Answering Defendant cannot be held liable for Plaintiff's claims for strict product liability, breach of warranty or negligence.

**THIRTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE**

As a thirty-second and separate affirmative defense to each and every cause of action in the Amended Complaint, Answering Defendant denies that it is guilty of malice, oppression or fraud, and therefore Plaintiff is not entitled to recover punitive damages from Answering Defendant.

**WHEREFORE**, Answering Defendant prays for judgment as follows:

1. That the First Amended Complaint and each separate cause of action thereof be dismissed with prejudice;

2. That Plaintiff take nothing by his First Amended Complaint;

3. That, in the event Plaintiff is found to have sustained and to be entitled to any damages, the degree of negligence, responsibility or fault of each party who contributed to said damages be determined, and that Answering Defendant be held liable only for that portion of the damages which corresponds to its degree of fault or responsibility; and

4. That Answering Defendant have and recover from Plaintiff its costs of suit incurred herein and such other further relief as the Court may deem just and proper.

Dated:  August 25th, 2008                    BAKER & HOSTETLER LLP


/s/ Cory M. Curtis
Cory M. Curtis

Attorneys for Defendant
BESSER COMPANY

**PROOF OF SERVICE BY MAIL**

1. I am, and at all times herein mentioned, a citizen of the United States and a resident of the City and County of Denver, over the age of eighteen (18) years and not a party to the within action or proceeding. My business address is 303 East 17th Avenue, Suite 1100, Denver, Colorado 80203, and I am employed in the offices of **BAKER & HOSTETLER LLP**, by a *pro hac vice* member of the Bar of this Court, at whose direction the service mentioned hereinbelow was made.

2. I am readily familiar with the normal business practice of my employer of the collection and processing of correspondence and other materials for mailing with the United States Postal Service as well as ECF filing procedures. In the ordinary course of business, any materials designed for mailing with the United States Postal Service and placed by me for collection in the office of my employer is deposited the same day with the United States Postal Service.

3. On **AUGUST 25, 2008**, I served the within **ANSWER OF BESSER COMPANY TO FIRST AMENDED COMPLAINT,** upon counsel named below by ECF and by placing a true and correct copy thereof in an envelope(s) addressed as follows:

> **Richard J. Staskus, Esq**
> **Law Offices of Richard J. Staskus**
> **84 West Santa Clara Street, Ste. 840**
> **San Jose, CA 95113**

4. I sealed said envelope(s) and, following the ordinary business practices of my employer, placed said sealed envelope(s) in the office of my employer for collection and mailing with the United States Postal Service on the same date.

I declare under penalty of perjury under the laws of the State of Colorado and the United States District Court for the Northern District of California, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on August 25th, 2008, at Denver, Colorado.

/s/ Sheila Golembiowski
Baker & Hostetler LLP
303 E. 17th Ave., Ste. 1100
Denver, CO 80203
(303) 861-0600