TUCKER ELLIS & WEST LLP
PEGGY S. DOYLE, SBN 17683
135 Main Street, Suite 700
San Francisco, CA 94105
Telephone: 415.617.2400
Facsimile: 415.617.2409

Attorneys for Defendant
ROCKWELL AUTOMATION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWLAND PUGH,<br><br>        Plaintiff,<br><br>vs.<br><br>BESSER COMPANNY, a Michigan corporation, ROCKWELL AUTOMATION, a Wisconsin corporation, et al.,<br><br>        Defendants. | Case No. C08-01014-HRL<br><br>**DEFENDANT ROCKWELL AUTOMATION, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES <u>AND</u>**<br><br>**DEMAND FOR JURY TRIAL** |

    COMES NOW defendant Rockwell Automation, Inc. ("Rockwell"), and in answer to Plaintiff Rowland Pugh's First Amended Complaint For Damages ("Complaint"), admits, denies, and alleges as follows:

## PARTIES

    1.    Answering Paragraph 1 of the Complaint, Rockwell is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

    2.    Answering Paragraph 2 of the Complaint, Rockwell admits each and every allegation contained therein.

///

SFOiManage\010804.000202\160463.1

3.   Answering Paragraph 3 of the Complaint, Rockwell admits that it is a Delaware corporation and that its principal place of business in the State of Wisconsin. Rockwell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph and, on that basis, denies each and every remaining allegation contained therein.

## JURISDICTION AND VENUE

4.   Answering Paragraph 4 of the Complaint, Rockwell is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

5.   Answering Paragraph 5 of the Complaint, Rockwell admits each and every allegation contained therein.

6.   Answering Paragraph 6 of the Complaint, Rockwell is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

## (STRICT PRODUCT LIABILITY)

7.   Answering Paragraph 7 of the Complaint, Rockwell is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

8.   Answering Paragraph 8 of the Complaint, Rockwell is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

9.   Answering Paragraph 9 of the Complaint, Rockwell is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

10   Answering Paragraph 10 of the Complaint, Rockwell denies each and every allegation contained therein.

1 | 11. Answering Paragraph 11 of the Complaint, Rockwell denies each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Rockwell denies each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Rockwell is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, Rockwell denies each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, Rockwell denies each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, Rockwell denies each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, Rockwell denies each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, Rockwell denies each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, Rockwell denies each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Rockwell denies each and every allegation contained therein.

21. Answering Paragraph 21 of the Complaint, Rockwell denies each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Rockwell denies each and every allegation contained therein.

///

///

## SECOND CAUSE OF ACTION

## (NEGLIGENT PRODUCT LIABILITY)

23. Answering Paragraph 23 of the Complaint, Rockwell incorporates by reference its responses to paragraphs 7 through 22 as though fully set forth at length herein.

24. Answering Paragraph 24 of the Complaint, Rockwell denies each and every allegation contained therein.

25. Answering Paragraph 25 of the Complaint, Rockwell denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

## (PRODUCT LIABILITY – BREACH OF WARRANTY)

26. Answering Paragraph 26 of the Complaint, Rockwell incorporates by reference its responses to paragraphs 7 through 25 as though fully set forth at length herein.

27. Answering Paragraph 27 of the Complaint, Rockwell denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, Rockwell denies each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, Rockwell denies each and every allegation contained therein.

30. Answering Paragraph 30 of the Complaint, Rockwell denies each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, Rockwell denies each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, Rockwell denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Rockwell further alleges the following affirmative defenses to the Complaint and each cause of action therein:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim)

The Complaint, and each cause of action alleged therein, fails to state facts sufficient to state a claim against Rockwell.

## SECOND AFFIRMATIVE DEFENSE

### (Negligence of Plaintiff)

Plaintiff's recovery against Rockwell is barred, diminished, or reduced to the extent that plaintiff's loss or damage is attributable to his own careless, negligent, reckless, and/or intentional actions.

## THIRD AFFIRMATIVE DEFENSE

### (Negligence of Others)

The damages alleged in the Complaint were caused by the careless, negligent, reckless, and/or intentional acts or omissions of other persons and/or entities over which Rockwell had no authority or control.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages which he could have avoided or lessened by reasonable mitigation efforts.

## FIFTH AFFIRMATIVE DEFENSE

### (Product Misuse)

Plaintiff is barred from recovery against Rockwell in that if Plaintiff suffered any loss or damage, such loss or damage was the direct and proximate cause of the careless, negligent, reckless, and/or intentional improper use, maintenance, operation, care, repair, and/or modification of the subject product by Plaintiff or others, and said misuse proximately caused and contributed to Plaintiff's alleged injuries and damages sustained thereby.

///

///

## SIXTH AFFIRMATIVE DEFENSE

### (Adequate Knowledge)

Plaintiff's recovery against Rockwell is barred in that the individuals or entities, including Plaintiff, who used or provided the subject product were knowledgeable, informed, and sophisticated concerning the use of said product and the alleged risks, if any, associated with its use.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's recovery against Rockwell is barred in that Plaintiff, by his acts, conduct, and omissions, expressly or impliedly waived whatever rights he may have had against Rockwell.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's recovery against Rockwell is barred in that Plaintiff engaged in conduct with respect to the activities which are the subject of the Complaint, and by reason of said activities and conduct, he is estopped from asserting any claim or damages or seeking any other relief.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's recovery against Rockwell is barred by the equitable doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Rockwell presently has insufficient knowledge on which to form a belief as to whether it may have additional affirmative defenses available. Rockwell hereby reserves its right to assert additional affirmative defenses in the event that further investigation and discovery indicate that such defenses would be appropriate.

WHEREFORE, Rockwell prays for judgment as follows:

1. That Plaintiff take nothing by way of his complaint and that the same be dismissed with prejudice;

6
DEFENDANT ROCKWELL AUTOMATION, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

SFOiManage\010804.000202\160463.1

 2. For its cost of suit; and

 3. For such other and further relief as the Court deems proper.

DATED: September 5, 2008             TUCKER ELLIS & WEST LLP

By: _____
Peggy S. Doyle
Attorneys for Defendant

## DEMAND FOR JURY TRIAL

Defendant Rockwell Automation, Inc., hereby demands a jury trial in the above-entitled action.

DATED: September 5, 2008             TUCKER ELLIS & WEST LLP

By: _____
Peggy S. Doyle
Attorneys for Defendant

PROOF OF SERVICE
<u>Pugh v. Besser, et al.</u>- Northern California District Court Case No. C08-01014-HRL

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I declare that I am a citizen of the United States and a resident of San Francisco, California or employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis & West LLP, 135 Main Street, Suite 700, San Francisco, California 94105.

On this date, I served the foregoing documents entitled **ANSWER TO COMPLAINT** by placing a true and correct copy, enclosed in a sealed envelope(s), addressed as follows:

| | |
|---|---|
| Richard J. Staskus, SBN 72794<br>LAW OFFICES OF RICHARD J. STASKUS<br>84 W. Santa Clara Street, Suite 840<br>San Jose, CA 95113 | **Attorneys for Plaintiff**<br><br>Telephone: (408) 995-0800<br>Facsimile: (408) 294-8481<br>E-mail: |
| Cranston J. Williams, SBN 162714<br>Shawn Andrade<br>BAKER & HOSTETLER, LLP<br>12100 Wilshire Boulevard, 15th Floor<br>Los Angeles, CA 90025 | **Attorneys for Defendant Besser Company**<br><br>Telephone: (310) 442-8800<br>Direct: (310) 442-8807<br>Facsimile: (310) 880-8859<br>E-Mail: cwilliams@bakerlaw.com |
| Laurin D. Quiat, *pro hac vice*<br>Cory M. Curtis *pro hac vice*<br>BAKER & HOSTETLER, LLP<br>303 East Seventeenth Avenue, Suite 1100<br>Denver, CO 80203 | **Attorneys for Defendant Besser Company**<br><br>Telephone: (303) 861-0600<br>Facsimile: (303) 861-7805<br>E-Mail: lquiat@bakerlaw.com<br>ccurtis@bakerlaw.com |

[X]   By facsimile machine, I caused the above-referenced document(s) to be transmitted to the person(s) named above or on the attached service list at the facsimile numbers given thereat.

[X]   By mail, I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[X]   (FEDERAL) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

[X]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 5, 2008, at San Francisco, California.

_____
Anna Lisa Villanueva

2
PROOF OF SERVICE

SFOiManage\000009.000004\160459.1